**PEOPLE of the State of Colorado, Complainant,**

v.

**F. Owen KENDRICK, Attorney–Respondent.**

No. 80SA291.

Supreme Court of Colorado, En Banc.

Nov. 10, 1980.

Robert B. Kane, Denver, for complainant.

No appearance for attorney–respondent.

HODGES, Chief Justice.

For conduct which is in violation of the highest standards of honesty, justice and morality as proscribed for the legal profession in C.R.C.P. 241 B, attorney–respondent

F. Owen Kendrick is suspended from the practice of law and shall not be eligible to apply for reinstatement until after the expiration of a period of three years. This respondent has previously been privately censured by this court for improper conduct.

The respondent was admitted to practice law in Colorado on October 21, 1976. In September 1978, he was employed as the managing attorney of the Colorado Springs office of "The Legal Clinic of Sarney, Trattler & Waitkus." Approximately six months thereafter, the legal clinic filed a formal complaint with the Supreme Court Grievance Committee alleging that the respondent attorney had diverted funds of the legal clinic to his own use without authorization. The respondent failed to answer or plead to the complaint in any manner, nor did he appear at the hearing. Notice of the time, date, and place of the hearing was duly and properly served upon the respondent and in addition, he was personally advised of the hearing by the disciplinary prosecutor of the Grievance Committee.

After hearing, the Grievance Committee found that on the basis of clear and convincing evidence, the allegations of the complaint were established. Specifically, it was found that the respondent signed and negotiated checks drawn upon the account of the legal clinic in the sum of $2,197.60, and that each check constituted an unauthorized appropriation to the respondent of the funds of the legal clinic.

The respondent's conduct with respect to the funds under his supervision and control while employed as the managing attorney of the legal clinic is reprehensible and clearly in violation of DR1–102(A)(4) of the canons of professional responsibility. This provision provides that "a lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The respondent's failure to answer the complaint and his failure to appear at the hearing on the merits of the complaint, serves to aggravate the respondent's violations because it is a further demonstration of his complete lack of responsibility toward his obligations as a lawyer.

We adopt the recommendations of the Grievance Committee and hereby order that this respondent be suspended from the practice of law in Colorado, and that he shall not be eligible to apply for reinstatement until after the expiration of a period of three years.

Also, the respondent is ordered to make restitution in the amount of $2,197.60 to the legal clinic within thirty (30) days.

Costs in the sum of $435.04 are assessed against this respondent, and he is ordered to pay this amount to the Clerk of the Supreme Court within ninety (90) days.